# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON ERIC MCCAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-519-FHS-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Jason Eric McCaul (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 20, 1976 and was 38 years old at the time of the ALJ's latest decision. Claimant completed his education through the eleventh grade with some vocational training. Claimant has worked in the past as an electrician. Claimant alleges an inability to work beginning January 1, 2008 due to limitations resulting from bipolar disorder, depression, PTSD, and

3

back and shoulder pain.

**Procedural History**

On April 27, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on May 5, 2009, he filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on September 1, 2010. On appeal, this Court reversed the decision and remanded the case for further proceedings on August 9, 2013

On May 13, 2014, ALJ Frederick Gatzke conducted a supplemental administrative hearing in McAlester, Oklahoma. On August 1, 2014, the ALJ entered another unfavorable decision on Claimant's applications. Claimant did not file exceptions to the decision with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual

4

functional capacity ("RFC") to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) giving great weight to an opinion based upon the findings by a disallowed consultative examiner; and (2) failing to properly evaluate the opinion of a consultative psychologist.

**Consideration of the Medical Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic pain in the upper and lower back and right shoulder, depression, and bipolar disorder. (Tr. 410). The ALJ concluded that Claimant retained the RFC to perform sedentary work except that he could tolerate only occasional contact with co-workers and superficial contact with the public. (Tr. 413).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of electronics worker, touchup screener, and document preparer. (Tr. 418). As a result, the ALJ found Claimant was not disabled from May 15, 2006 through the date of the decision. (Tr. 419).

Claimant first contends the ALJ indirectly relied upon and gave great weight to an opinion from a state agency psychological consultant who based her opinion upon the examination by Patrick

5

Turnock, Ph.D. This case was remanded at Defendant's urging because Dr. Turnock had an invalid medical license when he conducted his consultative examination. The ALJ concluded that Dr. Turnock's "examination findings are not valid as it was not performed by a licensed doctor." (Tr. 414). On remand, Defendant was directed to disregard Dr. Turnock's examination. (Tr. 444).

The ALJ stated in his decision that he was relying upon and giving "great weight" to the opinion of Dr. Deborah Hartley, a non-examining agency physician. (Tr. 414). Dr. Hartley authored a Psychiatric Review Technique form dated August 27, 2009. At the end of the report, Dr. Hartley included a narrative statement of the information upon which she relied. She stated

> 33 y/o alleges problems with his back, legs, and should[ers], bipolar, and depression.
>
> Claimant has no mental health treatment and takes no medication for depression or mood stabilization.
>
> Claimant says he is depressed "all the time. I hate my life." He usually stays by himself in his room because little things set him off. He states he gets violent and punches holes in the walls, breaks things, and gets in fights due to his anger.
>
> At MSE, the claimant was alert and oriented. His manner was calm and cooperative. His long-term memory, short-term memory and concentrations (sic) all appear intact. He was able to complete reverse serial 7's and was able to spell "world" both forward and reverse. Judgment appears intact.

```
MSE DX:
    Major depressive disorder, moderate
    Obsessive compulsive traits
```

(Tr. 352).

The narrative recites verbatim out of Dr. Turnock's report for the examination findings. (Tr. 336-38).

Dr. Hartley also prepared mental RFC assessment form on the same date she prepared the PRT. The ALJ did not reference the PRT but gave "great weight" to the mental RFC. (Tr. 414). However, by implication, Dr. Hartley's findings on both forms were derived from the examination and reported observations of Dr. Turnock in a report found invalid. Since Dr. Hartley did not examine Claimant but merely reviewed records done by others, she relied upon Dr. Turnock's evaluation and observations to reach her conclusions. If Dr. Turnock's examination report was not permitted because of his lack of licensing, surely all reports which relied upon his findings are equally tainted. On remand, the ALJ shall insure that all references, reliances, and opinions contained in the medical record are purged of Dr. Turnock's examination findings and report before relying upon the same for his conclusions.

### Evaluation of Medical Opinion Evidence

Claimant also contends the ALJ's consideration of the opinion of the consultative psychologist, Dr. Rafael Otero. Dr. Otero

7

authored a mental RFC statement on Claimant dated May 12, 2014. He determined Claimant was extremely limited in the areas of the ability to make judgments on complex work-related decisions, ability to interact with the public, supervisors and co-workers, and the ability to respond appropriately to usual work situations and to changes in a routine work setting. (Tr. 696-97). He also found Claimant was markedly limited in the functional areas of the ability to make judgments on simple work-related decisions, understanding and remembering complex instructions, and carrying out complex instructions. (Tr. 696). Dr. Otero found Claimant was also moderately limited in the area of carrying out simple instructions. Id.

Dr. Otero also examined Claimant on April 21, 2014. He diagnosed Claimant with bipolar disorder, manic phase and generalized anxiety disorder with a GAF of 55. (Tr. 694). Dr. Otero stated Claimant's prognosis was poor as he had not been successful with mental health. Claimant was found to be reclusive and quite oppositional with others. He did not want to be helped but just to be left alone. Id.

The ALJ noted Dr. Otero's findings from his examination of Claimant. He did not accurately relate the findings on Dr. Otero's source statement. Specifically, the ALJ omitted the extreme

8

limitation found by Dr. Otero in Claimant's ability to respond appropriately to usual work situations and to changes in a routine work setting. (Tr. 415-16, 696-97). The ALJ also noted the markedly limited functional areas. (Tr. 415). He concluded that he gave moderate weight to Dr. Otero's opinion "to the extent consistent with the evidence of record. However, I do not find that the medical record generally shows that the claimant is as limited as noted in the psychologist's assessment." (Tr. 416).

It appears that the ALJ (1) did not acknowledge the totality of the restrictions noted by Dr. Otero; (2) stated he gave Dr. Otero's opinion moderate weight; (3) but reduced the weight he gave the opinion by stating that he did not believe Claimant was as limited as stated by Dr. Otero. The ALJ did not indicate the nature and extent of the evidence in the record he was contemplating which caused his reduction in the stated weight he gave to Dr. Otero's opinion. Moreover, the ALJ characterized Dr. Otero's examination as "essentially normal" when the psychologist clearly noted Claimant's mental deficiencies and poor prognosis.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for

9

rejecting any such opinions.  The ALJ must also give consideration to several factors in weighing any medical opinion.  <u>Id</u>.; 20 C.F.R. § 416.927(d)(1)-(6).  Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."  <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ mischaracterized or omitted Dr. Otero's findings which tended to support a finding of disability.  He also failed to provide specific, legitimate bases for reducing the weight accorded the opinion - within the paragraph which gave it moderate weight. The ALJ shall re-evaluate Dr. Otero's opinion on remand to include the totality of his limitations and providing specific references to evidence in the record which warrants the reduction in weight given to the opinion.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE